PHILLIP LONG v. THE STATE

No. 23466. Delivered November 6, 1946.

The opinion states the case.

*Ben Wilson* and *G. O. Youngblood,* both of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for engaging in a riot, punishment assessed at 12 months' confinement in the county jail.

Omitting the formal parts, the indictment charges that:—
"* * * Philip Long * * * did then and there unlawfully engage in a riot, by then and there procuring the release of one Johnnie Mae Jackson, alias Johnnie Mae Barker Gardner, from the lawful custody of a police officer, of the City of Dallas, to-wit, John Phillip Barber, the said Johnnie Mae Jackson, alias Johnnie Mae Barker Gardner, having been then and there arrested for a misdemeanor offense; * * *"

Appellant filed a motion to quash the indictment on the ground that it charged no offense. This motion should have been sustained. We adopt the following from the brief of our State's Attorney.

"The prosecution was evidently brought under Article 463 of the Penal Code, which reads as follows, to-wit:

" 'Whoever by engaging in a riot shall rescue any prisoner lawfully arrested or imprisoned for a misdemeanor shall be confined in jail not less than six nor more than twelve months.'

"Article 455 of the Penal Code reads as follows: 'If the persons unlawfully assembled together do or attempt to do any illegal act, all those engaged in such illegal act are guilty of riot;' and Article 471 of the Penal Code reads as follows: 'The indictment must state the illegal act which was the object of the

meeting, or which they proceeded to do if the assembly was originally lawful and must state and it must be proven on the trial that three or more persons were assembled, and their names must be given if known; if unknown, it must be so alleged.' * * * It is noted that the indictment does not follow the requirements set out in Article 471 of the Penal Code, and therefore, in our opinion, wholly fails to charge an offense; and therefore the State respectfully suggests that the judgment of the trial court should be reversed and the prosecution dismissed."

We refer to Form 219, Wilson's Tex. Cr. Forms, (5th Ed.), page 148. It is apparent that the indictment as drawn charges appellant with engaging in a riot by himself, and it is perfectly clear from the provisions of Art. 471 of the Penal Code that this is not sufficient.

The judgment is reversed and the prosecution ordered dismissed.